Mark A. Ellingsen, MSB No. 4880
Joel P. Hazel, *Admitted Pro Hac Vice*
Thomas D. Cochran, *Admitted Pro Hac Vice*
Witherspoon Kelley
608 Northwest Blvd., Suite 300
Coeur d'Alene, ID  83817
Telephone: 208.667.4000
Facsimile: 208.667.8470
mae@witherspoonkelley.com

Attorneys for Thornton Byron, LLP

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re:<br><br>Yellowstone Mountain Club, LLC, et al.,<br><br>        Debtors, | Chapter 11<br><br>Case No. 08-61570-11<br><br>Adversary No. 10-00015 |
| MARC S. KIRSCHNER, AS TRUSTEE OF THE YELLOWSTONE CLUB LIQUIDATING TRUST,<br><br>        Plaintiff,<br><br>vs.<br><br>DESERT RANCH LLLP, a Nevada limited liability partnership; DESERT RANCH MANAGEMENT LLC, a Nevada limited liability; TIMOTHY BLIXSETH, an individual; BEAU BLIXSETH, an individual; THORNTON BYRON LLP, an Idaho limited liability partnership; GEORGE MACK, an individual; JOHN DOES 1-100; and XYZ CORPS. 1-100,<br><br>        Defendants. | ANSWER OF THORNTON BYRON, LLP |

ANSWER OF THORNTON BYRON, LLP – PAGE 1

COMES NOW, defendant Thornton Byron LLP ("Thornton Byron"), by and through its counsel, and herein states its answer and affirmative defenses to the Complaint of Yellowstone Club Liquidating Trust.

## I. INTRODUCTION

1. Defendant Thornton Byron denies paragraph 1 of plaintiff's Complaint for lack of information sufficient to plead thereto but admits that the Yellowstone Liquidating Trust ("Trust") and Timothy Blixseth ("Blixseth") are involved in litigation.

## II. PARTIES

2. Defendant Thornton Byron denies paragraph 2 of plaintiff's Complaint for lack of information sufficient to plead thereto but admits that Mark S. Kirschner is the Trustee of the Trust.

3. Defendant Thornton Byron denies paragraph 3 of plaintiff's Complaint for lack of information sufficient to plead thereto.

4. Defendant Thornton Byron denies paragraph 4 of plaintiff's Complaint for lack of information sufficient to plead thereto.

5. Defendant Thornton Byron denies paragraph 5 of plaintiff's Complaint for lack of information sufficient to plead thereto.

6. Defendant Thornton Byron denies paragraph 6 of plaintiff's Complaint for lack of information sufficient to plead thereto.

7. Defendant Thornton Byron denies paragraph 7 of plaintiff's Complaint for lack of information sufficient to plead thereto.

8. Defendant Thornton Byron denies paragraph 8 of plaintiff's Complaint but admits that it is an Idaho limited liability partnership and that it has filed a proof of claim against debtor Yellowstone Mountain Club, LLC.

9. Defendant Thornton Byron denies paragraph 9 of plaintiff's Complaint for lack of information sufficient to plead thereto.

### III. JURISDICTION AND VENUE

10. Defendant Thornton Byron denies paragraph 10 of plaintiff's Complaint and objects to the same to the extent it seeks a legal conclusion.

11. Defendant Thornton Byron denies paragraph 11 of plaintiff's Complaint and objects to the same to the extent it calls for a legal conclusion.

12. Defendant Thornton Byron denies paragraph 12 of plaintiff's Complaint and objects to the same it calls for a legal conclusion.

13. Defendant Thornton Byron denies paragraph 13 of plaintiff's Complaint and objects to the same to the extent it seeks a legal conclusion.

### IV. RELEVANT FACTS

**A.  Blixseth fraudulently transferred assets to Desert Ranch.**

14. Defendant Thornton Byron denies paragraph 14 of plaintiff's Complaint for lack of information sufficient to plead thereto.

15. Defendant Thornton Byron denies paragraph 15 of plaintiff's Complaint for lack of information sufficient to plead thereto and denies that it participated in Blixseth's scheme to defraud its creditors.

16. Defendant Thornton Byron denies paragraph 16 of plaintiff's Complaint for lack of information sufficient to plead thereto.

17.     Defendant Thornton Byron denies paragraphs 17 a-k of plaintiff's Complaint for lack of information sufficient to plead thereto.

18.     Defendant Thornton Byron denies paragraph 18 of plaintiff's Complaint for lack of information sufficient to plead thereto.

19.     Defendant Thornton Byron denies paragraph 19 of plaintiff's Complaint for lack of information sufficient to plead thereto.

20.     Defendant Thornton Byron denies paragraph 20 of plaintiff's Complaint for lack of information sufficient to plead thereto.

21.     Defendant Thornton Byron denies paragraph 21 of plaintiff's Complaint for lack of information sufficient to plead thereto.

22.     Defendant Thornton Byron admits that the Trust is a creditor of Blixseth but denies the remainder of paragraph 22 to the extent it calls for a legal conclusion.

**B.      Thornton's Byron's role in the fraudulent transfer scheme.**

23.     Defendant Thornton Byron denies paragraph 23 of plaintiff's Complaint but admits that it is a law firm that performed work for Mr. Blixseth.

24.     Defendant Thornton Byron denies paragraph 24 of plaintiff's Complaint for lack of information sufficient to plead thereto but admits the language ostensibly lifted from Thornton Byron's purported invoices speaks for itself.

25.     Defendant Thornton Byron denies paragraph 25 of plaintiff's Complaint but admits that Thornton Byron filed a proof of claim.

26. Defendant Thornton Byron denies paragraph 26 of plaintiff's Complaint for lack of information sufficient to plead thereto but admits that the purported billing invoices cited on pages 11, 12, 13 through 17 of plaintiff's Complaint speak for themselves.

27. Defendant Thornton Byron denies paragraph 27 of plaintiff's Complaint for lack of information sufficient to plead thereto.

28. Defendant Thornton Byron denies paragraph 28 of plaintiff's Complaint for lack of information sufficient to plead thereto.

29. Defendant Thornton Byron denies paragraph 29 of plaintiff's Complaint for lack of information sufficient to plead thereto.

30. Defendant Thornton Byron denies paragraph 30 of plaintiff's Complaint for lack of information sufficient to plead thereto.

31. Defendant Thornton Byron denies paragraph 31 of plaintiff's Complaint for lack of information sufficient to plead thereto.

32. Defendant Thornton Byron denies paragraph 32 of plaintiff's Complaint for lack of information sufficient to plead thereto.

33. Defendant Thornton Byron denies paragraph 33 of plaintiff's Complaint but admits that it filed proof of claim No. 734.

34. Defendant Thornton Byron denies paragraph 34 of plaintiff's Complaint and objects to the same it seeks a legal conclusion.

## V.  CAUSES OF ACTION

### COUNT 1 – AVOIDANCE OF FRAUDULENT TRANSFERS TO DESERT RANCH
### (Against All Defendants Except Thornton Byron)

35. Defendant Thornton Byron incorporates its responses to paragraphs 1 through 34 of plaintiff's Complaint with the same force and effect as if stated verbatim herein in response to paragraph 35 of plaintiff's Complaint.

36. Defendant Thornton Byron denies paragraph 36 of plaintiff's Complaint for lack of information sufficient to plead thereto and objects to the same to the extent it seeks a legal conclusion.

37. Defendant Thornton Byron denies paragraph 37 of plaintiff's Complaint for lack of information sufficient to plead thereto and objects to the same to the extent it seeks a legal conclusion.

38. Defendant Thornton Byron denies paragraph 38 of plaintiff's Complaint for lack of information sufficient to plead thereto and objects to the same to the extent it seeks a legal conclusion.

39. Defendant Thornton Byron denies paragraph 39 of plaintiff's Complaint for lack of information sufficient to plead thereto and objects to the same to the extent it seeks a legal conclusion.

### COUNT 2 – AVOIDANCE OF FRAUDULENT TRANSFERS TO THORNTON BYRON
### (Defendant Thornton Byron)

40. Defendant Thornton Byron incorporates its responses to paragraphs 1 through 39 of plaintiff's Complaint with the same force and effect as if stated verbatim herein in response to paragraph 40 of plaintiff's Complaint.

41. Defendant Thornton Byron denies paragraph 41 of plaintiff's Complaint for lack of information sufficient to plead thereto.

42. Defendant Thornton Byron denies paragraph 42 of plaintiff's Complaint and objects to the same to the extent it seeks a legal conclusion.

43. Defendant Thornton Byron denies paragraph 43 of plaintiff's Complaint and objects to the same to the extent it seeks a legal conclusion.

44. Defendant Thornton Byron denies paragraph 44 of plaintiff's Complaint and objects to the same to the extent it seeks a legal conclusion.

45. Defendant Thornton Byron denies paragraph 45 of plaintiff's Complaint.

### COUNT 3 – CLAIM OBJECTION
### (Defendant Thornton Byron)

46. Defendant Thornton Byron incorporates its responses to paragraphs 1 through 46 of plaintiff's Complaint with the same force and effect as if stated verbatim herein in response to paragraph 46 of plaintiff's Complaint.

47. Defendant Thornton Byron denies paragraph 47 of plaintiff's Complaint and objects to the same to the extent it seeks a legal conclusion.

### COUNT 4 – PRELIMINARY INJUNCTION
### (All Defendants)

48. Defendant Thornton Byron incorporates its responses to paragraphs 1 through 47 of plaintiff's Complaint with the same force and effect as if stated verbatim herein in response to paragraph 48 of plaintiff's Complaint

49. Defendant Thornton Byron denies paragraph 49 of plaintiff's Complaint for lack of information sufficient to plead thereto.

50. Defendant Thornton Byron denies paragraph 50 of plaintiff's Complaint for lack of information sufficient to plead thereto and objects to the same to the extent it seeks a legal conclusion.

51. Defendant Thornton Byron denies paragraph 51 of plaintiff's Complaint for lack of information sufficient to plead thereto.

52. Defendant Thornton Byron denies paragraph 52 of plaintiff's Complaint for lack of information sufficient to plead thereto and objects to the same to the extent it seeks a legal conclusion.

WHEREFORE, having answered plaintiff's Complaint, defendant Thornton Byron pleads the below affirmative defenses:

1. Plaintiff's claims against Thornton Byron fail to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the statutes of limitations and doctrine of laches.

3. Plaintiff's claims fail for want of jurisdiction to the extent jurisdiction is predicated on the Confirmed Plan for Reorganization.

4. Plaintiff's claims are barred to the extent they have been discharged in prior bankruptcy proceedings.

5. Plaintiff's claims are barred by the doctrines of estoppel, release, and waiver if, *inter alia,* plaintiff, by and through debtors, benefitted from defendant's alleged services.

6. Plaintiff's claims are barred by the doctrine of arbitration and award to the extent plaintiff recovers, as pled, a $286.4 million judgment against Mr. Blixseth.

7. Plaintiff's claims are barred by the doctrines of assumption of risk and contributory negligence to the extent the debtor corporate entities were complicit in the alleged fraudulent transfers to defendant.

8. Defendant Thornton Byron billed defendant Blixseth directly for its services; as such, plaintiff's damages, if any, were caused by defendant Blixseth to the extent defendant Blixseth caused Thornton Byron to be paid by a separate corporate entity – like Yellowstone Mountain Club, LLC.

9. Yellowstone Mountain Club, LLC (a) received benefit from Thornton Byron's services (b) was solvent when it, through defendant Blixseth, paid the invoices, and (c) paying the invoices did not render it insolvent.

10. Discovery is ongoing, defendant Thornton Byron reserves the right to amend its answer to add additional affirmative defenses.

Defendant Thornton Byron hereby prays that:

1. Plaintiff's Complaint against Thornton Byron be dismissed with prejudice and that plaintiff take nothing.

2. Defendant Thornton Byron be awarded attorney's fees and costs incurred in responding to plaintiff's Complaint.

3.  Defendant Thornton Byron be awarded any just and equitable relief that the Court deems necessary.

Respectfully submitted this 19th day of March, 2010.

                WITHERSPOON · KELLEY

    By:  /s/ Mark A. Ellingsen
         Mark A. Ellingsen
         Joel P. Hazel, *Admitted Pro Hac Vice*
         Thomas D. Cochran, *Admitted Pro Hac Vice*
         Attorneys for Thornton Byron LLP

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalty of perjury that on March 19, 2010, a copy of the above document was served: 1) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted in the Court's CM/ECF transmission facilities; and/or by mail as indicated below:

By mail:    None.

    /s/ Mark A. Ellingsen
    Mark A. Ellingsen